JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

THOMAS FU (SBN 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA  90017-5855
Telephone:     +1 213 629 2020
Facsimile:     +1 213 612 2499

ARAVIND SWAMINATHAN [*pro hac vice*]
aswaminathan@orrick.com
NICOLE M. TADANO [*pro hac vice*]
ntadano@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Ave., Ste 5600
Seattle, WA 98104
Telephone:     +1 206 839 4300
Facsimile:     +1 206 839 4301

Attorneys for Defendant,
CARNIVAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ONN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARNIVAL CORP. and MOUSEFLOW, INC.,<br><br>Defendants. | Case No. 5:20-cv-07929-BLF<br><br>**DEFENDANT CARNIVAL CORPORATION'S MOTION TO STAY DISCOVERY**<br><br>Date:   August 26, 2021<br>Time:   9:00 a.m.<br><br>Judge:  Hon. Beth Labson Freeman |

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT CARNIVAL CORPORATION'S
MOTION TO STAY DISCOVERY
CASE NO. 5:20-cv-07929-BLF

<u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 26, 2021, at 9:00 a.m., or as soon thereafter as available, in the courtroom of the Honorable Beth Labson Freeman, located at 280 South 1st Street, Courtroom 3, 5th Floor, San Jose, California 95113, Defendant Carnival Corporation ("Carnival"), will and hereby does move the Court for an order granting their Motion to Stay Discovery.  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and papers on file in this action, any other such matters of which the Court may take judicial notice, and any other matter that the Court may properly consider.

<u>**CERTIFICATION OF COUNSEL**</u>

I certify that pursuant to Federal Rule of Civil Procedure 26(c)(1), on March 8, 2021, counsel for Carnival in good faith conferred with counsel for the parties.  Counsel for Plaintiff objected to Carnival's requested stay of discovery, and the parties are unable to resolve the dispute without court action.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Carnival respectfully requests that the Court stay discovery pending resolution of its motion to dismiss.  As explained more fully below, good cause for a stay of discovery exists here because, if granted, Carnival's motion to dismiss will dispose of the entire suit, meaning discovery will not be necessary to adjudicate the motion.

**I.    BACKGROUND**

Plaintiffs filed the First Amended Complaint ("FAC") on February 16, 2021.  The FAC alleges that Carnival violated California Penal Code §§ 631(a) and 635, as well as the California's Constitution's right of privacy, by using Javascript code (created by Defendant Mouseflow) to capture certain routine, technical data about users' visits to its website.

As explained in Carnival's motion to dismiss, all three claims fail as a matter of law:

First, to state a claim under Section 631(a), the plaintiff must allege that the defendant acted *without consent* to intercept a communication *in transit*, either by tapping a *telephone line* or otherwise learning its *contents*.  Here, however, the allegations in the FAC (as well as the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

DEFENDANT CARNIVAL CORPORATION'S
MOTION TO STAY DISCOVERY
CASE NO. 5:20-CV-07929-BLF

1  documents referenced therein or subject to judicial notice) show that Plaintiff *gave consent* for any

2  information collection.  Moreover, the FAC lacks any factual allegations showing that Carnival

3  intercepted a communication *in transit*.  Nor does it allege that Carnival tapped a *telephone line*—

4  the allegations relate to Plaintiff's visit to Carnival's website—or that any information collected

5  constituted the *contents* of a message.

6       Second, to state a claim under Section 635, a plaintiff must allege that the defendant

7  possessed a "device" which is "primarily or exclusively designed or intended for eavesdropping."

8  Here, however, Plaintiff alleges only that Carnival possessed Mouseflow's Javascript code, which

9  is not a "device" as that term is used in statute.  Nor does the FAC include factual allegations

10  demonstrating that the code was designed "primarily or exclusively" for eavesdropping.

11       Third, to state a claim for invasion of privacy under the California constitution, a plaintiff

12  must allege that the information supposedly intruded upon was actually private. Here, however, the

13  FAC does not even state what information was supposedly collected—much less allege facts

14  showing that Plaintiff had kept such information private.

15       Those arguments would fully dispose of Plaintiff's claims, and none of them require

16  discovery.  Carnival therefore respectfully submits that the burdens and costs of discovery should

17  be deferred unless and until Plaintiffs can plausibly plead their claims.

18  **II.    ARGUMENT**

19       This Court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d

20  681, 685 (9th Cir. 1988), and "that discretion extends to staying discovery upon a showing of

21  'good cause.'"  *In re Google Digital Advertising Antitrust Litig.*, 2020 WL 7227159, at *1 (N.D.

22  Cal. 2020) (quoting Fed. R. Civ. P. 26(c)(1)(A)).  Courts in this District apply a two-pronged test

23  to determine whether discovery should be stayed pending resolution of a dispositive motion: (1)

24  the motion "must be potentially dispositive of the entire case," and (2) the motion "can be decided

25  absent additional discovery."  *Id.* at *2.  Because both prongs of this test are satisfied here, good

26  cause exists for the requested stay.

27       **A.    Carnival's Motion To Dismiss Is Potentially Dispositive Of the Entire Case.**

28  The first prong of the test is satisfied if the Court, upon "a preliminary peek at the merits of

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

DEFENDANT CARNIVAL CORPORATION'S
MOTION TO STAY DISCOVERY
CASE NO. 5:20-CV-07929-BLF

1   the underlying motion to dismiss," determines that the motion "is *potentially* dispositive of the

2   entire case." *Reveal Chart Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal.

3   Apr. 10, 2020) (emphasis in original).  At this "preliminary peek" stage, the Court "need not

4   determine" whether it would ultimately grant the motion to dismiss; nor need any of the motion to

5   dismiss arguments be a "silver bullet defense."  *In re Nexus 6p Prods. Liability Litig.*, 2017 WL

6   3581188, at *2 (N.D. Cal. Aug. 18, 2017).  Rather, the Court's inquiry is focused on whether "the

7   motion has the potential to be dispositive."  *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2

8   (N.D. Cal. Oct. 22, 2019).

9        Here, that "preliminary peek" confirms that Carnival's motion to dismiss is potentially

10   dispositive of the entire Complaint.  As summarized above, the motion explains why each of

11   Plaintiff's claims fails as a matter of law.  In particular, it offers three independent paths for

12   disposing of Plaintiff's Section 631(a) claim; two for disposing of his Section 635 claim; and one

13   for disposing of his invasion-of-privacy claim.  Carnival's motion is therefore potentially

14   dispositive of the entire case.

15        **B.**    **Carnival's Motion To Dismiss Can Be Decided Without Additional Discovery**

16        The second prong of the test is satisfied if the pending motion "can be decided absent

17   additional discovery." *Reveal Chat*, 2020 WL 2843369, at *2; *see also Jarvis v. Regan*, 833 F.2d

18   149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a

19   Rule 12(b) motion.").  Here, Carnival's motion to dismiss "is based solely on the allegations in the

20   Complaint and does not raise any factual issues."[1] *Id.* at *4.  Carnival's arguments for dismissal,

21   outlined above, "accept[] as true all well-pled factual allegations" in the First Amended Complaint,

22   *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 471 F. Supp. 3d 981, 989 (N.D. Cal. 2020), and raise

23   questions of law that are dispositive of the lawsuit.  Because "the Court only needs to look at the

24   _____

25   [1] Carnival's motion to dismiss does—permissibly—rely on certain documents, which are

26   incorporated into the FAC by reference, under well-established Ninth Circuit law.  *See Coto*

27   *Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  That, however, is of no moment to

28   the analysis, because incorporate by reference is distinct, and different, from discovery.

pleadings in order to issue a decision about its motion to dismiss," the second prong is satisfied. *Cellwitch*, 2019 WL 5394848, at *2.

**C.    Discovery Should Be Stayed Pending Resolution Of The Motion To Dismiss**

Because Carnival has raised multiple arguments potentially dispositive of the entire case, and which can be decided without discovery, staying discovery here will "further[] the goal of efficiency for the court and the litigants." *Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27. 2018). This is particularly true in putative class action litigation, where discovery is often expensive, with most of the cost and burden borne by defendants. *See, e.g.*, *Frantz v. Force Factor, LLC*, No. 20-CV-1012-MMA (KSC), 2020 WL 8666386, at *4 (S.D. Cal. Nov. 16, 2020) ("[i]t is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens.")

Moreover, the "brief" and "limited" length of stay sought here—"approximately five months"—means that Plaintiff is unlikely to suffer prejudice. *Delphix Corp. v. Actifio, Inc.*, 2014 WL 6068407 at *2 (N.D. Cal. Nov. 13, 2014). "Although the trial date in this matter has not yet been set," this Court has recently indicated in a different matter that its "schedule requires that the trial be set for no earlier than the middle of 2023, over two years from now." *In re Google Digital Advertising*, 2020 WL 7227159, at *3. "This limited stay of discovery, therefore, [will] not unduly prejudice Plaintiffs and [will] allow[] all parties to commence discovery with a better understanding of which claims, if any, they must answer." *Id.* For that reason, this Court has recently granted (and described as "limited") a stay of discovery with a timeline extremely similar to this one. *See id.* (granting motion for stay filed on Nov. 9, 2020, through motion-to-dismiss hearing scheduled for Apr. 8, 2021).

Although Carnival believes that the above considerations justify a stay through resolution of Carnival's motion to dismiss, this Court's usual practice is to grant a stay "until … the motion to dismiss hearing date," while allowing defendants to "orally request an extension of the stay of discovery" at that time. *In re Google Digital Advertising*, 2020 WL 7227159, at *3. Accordingly, at this juncture, Carnival requests only that a stay be granted through the date of the motion-to-dismiss hearing.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

DEFENDANT CARNIVAL CORPORATION'S
MOTION TO STAY DISCOVERY
CASE NO. 5:20-cv-07929-BLF

1

**III.    CONCLUSION**

2

      For the foregoing reasons, this Court should stay discovery until the motion to dismiss

3

hearing date, and permit Carnival to orally request an extension of the stay at that time.

4

 DATED: March 12, 2021            Respectfully Submitted,

5

                       ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7

                       By:        */s/ Jacob M. Heath*

8

                               JACOB M. HEATH

9

                      Attorneys for Defendant, CARNIVAL
                              CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

DEFENDANT CARNIVAL CORPORATION'S
MOTION TO STAY DISCOVERY
CASE NO. 5:20-CV-07929-BLF