# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DANIEL ONN, | Case No. 20-cv-07929-BLF |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO STAY DISCOVERY** |
| CARNIVAL CORP., et al., | |
| Defendants. | [Re: ECF 45] |

Defendant Carnival Corp. has filed a motion to stay discovery in this case pending the Court's hearing of its motion to dismiss. *See* Mot. to Stay, ECF 45. Carnival argues that all three of Plaintiff Daniel Onn's claims fail as a matter of law, and its motion is potentially dispositive of the entire case. *See id.* Mr. Onn opposes this motion on the grounds that much of the discovery pertains to facts Carnival put at issue in its own motion to dismiss, and even if the Court grants Carnival's motion, it will likely do so with leave to amend. *See* Opp'n ECF 52. For the reasons stated below, the Court DENIES this motion.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *In re Google Digital Advert. Antitrust Litig.*, No. 20-CV-03556-BLF, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)). "Under Ninth Circuit law, '[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied.'" *In re Google Digital Advert.*, 2020 WL 7227159, at *1 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed.

R. Civ. P. 26(c)(1)(A). "Good cause for staying discovery may exist when the district court is 'convinced that the plaintiff will be unable to state a claim for relief.'" *In re Google Digital Advert.*, 2020 WL 7227159, at *1 (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)).

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016). First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). Second, "the court must determine whether the pending motion can be decided absent additional discovery." *Id.* at 352. "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

Here, the Court has taken a preliminary peek at the briefing on Carnival's motion to dismiss. The Court finds contested issues that prevent it from ruling at this time, before the motion is heard, that it is potentially dispositive of the entire case. Accordingly, Carnival has not made the requisite "strong showing" needed to carry the "heavy burden" of demonstrating good cause that discovery should be stayed. The Court is not convinced that Mr. Onn will be unable to state a claim for relief. Accordingly, the Court DENIES the motion.

**IT IS SO ORDERED.**

Dated: April 6, 2021

BETH LABSON FREEMAN
United States District Judge